UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JENNIFER DEUEL,
on behalf of herself and
all others similarly situated,

      Plaintiff,                            Case No. 22-cv-1504

      v.

ILLUMINUS, *et. al.*

      Defendants

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND COSTS**

---

COMES NOW Plaintiff, Jennifer Deuel, on behalf of herself and all others similarly situated, by and through his counsel, WALCHESKE & LUZI, LLC, and hereby respectfully Motions this Court for Approval of Attorneys' Fees and Costs in the amount of $24,837.50 based on the grounds set forth herein and in the accompanying Declarations filed with this Court.

**SETTLEMENT BACKGROUND**

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq., by Plaintiff on behalf of herself and all other similarly situated current and former non-exempt employees of Defendants, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime wages. (*See, generally,* ECF No. 1.)

Between approximately February 2023 and October 2023, counsel for the parties debated and analyzed their respective legal arguments and factual positions, and they communicated directly and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's causes of action and Defendants' defenses. Defendants produced extensive class-wide data and documentation, including class-related payroll and timekeeping records during the statutory period, and once Plaintiff's counsel received, reviewed, and exhaustively analyzed same, counsel for the parties created, exchanged, and reviewed damages models and monetary settlement calculations. Ultimately, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including additional written discovery, numerous depositions, and the filing of conditional certification, certification, decertification, and dispositive motions. (Luzi Decl., ¶ 9.)

In this matter, Plaintiff's counsel believes that they have achieved an excellent result on behalf of the Putative Class Members and Putative Collective Members, negotiating a "Gross Settlement Amount" of $70,000.00, which represents a significant monetary recovery in unpaid overtime wages and liquidated damages during the statutory period. (*See* ECF No. 29-1, ¶ 3.1; Luzi Decl., ¶ 10.)

### **PLAINTIFF'S COUNSEL'S REQUESTED ATTORNEYS' FEES AND COSTS ARE FAIR AND REASONABLE UNDER THE FLSA AND WWPCL**

Plaintiff's counsel's requested attorneys' fees and costs in the amount of $24,837.50 – which is one-third (1/3) of the Gross Settlement Amount of $70,000.00, or $23,333.31, and reimbursement of litigation costs and expenses not to exceed $1,504.19, (ECF No. 29-1, ¶ 3.2) – is fair, reasonable, and representative of and consistent with the rates of other attorneys in the community and approved in similar matters before this Court in multi-plaintiff FLSA collective and WWPCL class cases. (*Id.*; Luzi Decl., ¶¶ 5-8; Declaration of Robert M. Mihelich, ¶¶ 6-8.)

Defendants do not oppose Plaintiff's counsel's requested attorneys' fees and costs and agree that they are reasonable. (ECF No. 29-1, ¶ 3.2.)

Further, at the outset of this litigation, Plaintiff's counsel agreed to be solely responsible for all attorneys' fees and costs in the event of an adverse result. In exchange, Plaintiff agreed to pay counsel forty percent (40%) of any potential recovery, exclusive of costs, should a recovery be obtained. (Luzi Decl., ¶ 8.) Plaintiff's Counsel, of their own volition and to ensure the maximum recovery for the Settlement Class members, seeks approval of its attorneys' fees at a reduced rate of one-third (1/3) of the total settlement amount, in addition reimbursement of their litigation costs and expenses. (ECF No. 29-1, ¶ 3.2; Luzi Decl., ¶ 8.) To date, Plaintiff's counsel has not received any compensation for its attorneys' fees or litigation and administration-related costs and expenses. (Luzi Decl., ¶ 8.)

Attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). The Seventh Circuit utilizes "common fund principles [to] properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund." *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994). Indeed, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund." *Id.* at 563. Further, a "market-based approach" is used when setting the percentage of a settlement fund to be awarded as reasonable attorneys' fees. *See, e.g., Silverman v. Motorola Sols, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013) (finding that "attorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services."). In applying this standard, a court is not required to "monitor how many hours the lawyers prudently devoted to the case. The client cares about the outcome

alone." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003). Ultimately: "When the 'prevailing' method of compensating lawyers for 'similar services' is the contingent fee, then the contingent fee is the 'market rate.'" *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986).

In keeping with this approach, federal courts, including the federal Districts in this State, have repeatedly approved attorneys' fees and costs in the amount of one-third (1/3) of the common settlement fund in collective cases under the FLSA and class cases under the WWPCL. *See, e.g., Jacobson v. Milan Laser Corporate, LLC, et. al.*, Case No. 21-cv-1242, ECF No. 55 (E.D. Wis. December 14, 2023) (Griesbach, J.); *Knuth v. Johnsonville, LLC*, Case No. 21-cv-918, ECF No. 23 (E.D. Wis. November 16, 2023) (Adelman, J.); *Harrington v. Nemak USA, Inc.*, Case No. 22-cv-693, ECF No. 66 (E.D. Wis. November 8, 2023) (Adelman, J.); *Christoph v. Schwabe North America*, Case No. 22-cv-975, ECF No. 46 (E.D. Wis. June 28, 2023) (Griesbach, J.); *Wallace v. Tri-City Glass & Door, Inc.*, Case No. 21-cv-490, ECF No. 58 (E.D. Wis. November 21, 2022) (Griesbach, J.); *Magalhaes, et. al. v. ProAmpac Intermediate, Inc., et. al.*, Case No. 20-cv-1333, ECF No. 53 (E.D. Wis. November 18, 2022) (Griesbach, J.); *Espegard v. SD Wheel Corp.,* Case No. 21-cv-849, ECF No. 35 (E.D. Wis. October 11, 2022) (Griesbach, J.); *Sorenson v. The Rennes Group, Inc., et. al.,* Case No. 21-cv-920, ECF No. 45 (E.D. Wis. September 20, 2022) (Griesbach, J.); *Todd v. AA Healthcare Management LLC, et. al.*, Case No. 20-cv-1744, ECF No. 58 (E.D. Wis. August 5, 2022) (Ludwig, J.); *Myles, et. al. v. Wellpath LLC*, Case No. 20-cv-1498, ECF No. 48 (E.D. Wis. July 11, 2022) (Dries, J.); *Thames v. Steele Solutions, Inc.*, Case No. 21-cv-664, ECF No. 41 (E.D. Wis. July 11, 2022) (Dries, J.); *Sato v. Puratos Corporation*, Case No. 12-cv-173, ECF No. 34 (E.D. Wis. March 25, 2022) (Stadtmueller, J.); *Trautman v. Midwest Composite Technologies*, *LLC*, Case No. 21-cv-43, ECF No. 40 (E.D. Wis. November 15, 2021) (Dries, J.); *Mitchell v. Trilliant Food and Nutrition*, *LLC*, Case No. 19-cv-147, ECF No. 185 (E.D. Wis.

September 2, 2021) (Griesbach, J.); *Cooper v. OS Restaurant Services, LLC, et. al.*, Case No. 20-cv-240, ECF No. 57 (E.D. Wis. June 9, 2021) (Adelman, J.); *Aguilar v. Bel Brands USA, Inc.,* Case No. 20-cv-759, ECF No. 35 (E.D. Wis. April 29, 2021) (Griesbach, J). (Luzi Decl., ¶ 13.)

Plaintiff's counsel's requested attorneys' fees and costs in the total amount of $24,837.50, which consists of attorneys' fees of $23,333.31, or 1/3 of the Gross Settlement Amount, and reimbursement of reasonable and actual case-related costs and administration expenses not to exceed $1,504.19, (ECF No. 29-1, ¶ 3.2; Luzi Decl., ¶ 13) – is fair, reasonable, and not only consistent with the market rate in Wisconsin for representation of plaintiffs in collective and class litigation under the FLSA and the WWPCL, respectively, but also consistent with Plaintiff's counsel's agreement with Plaintiff. (Luzi Decl., ¶¶ 5-8.)

## CONCLUSION

For all of the reasons stated herein, Plaintiff respectfully requests that this Court grant his Motion for Approval of Attorneys' Fees and Costs in the total amount of $24,837.50.

Dated this 4th day of January, 2024

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi***
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: sluzi@walcheskeluzi.com