UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JENNIFER DEUEL,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

ILLUMINUS, *et. al.*

      Defendants

Case No. 22-cv-1504

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Jennifer Deuel, on behalf of herself and all others similarly situated, and Defendants, Illuminus and St. Elizabeth Manor, Inc., move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 29-1), which was preliminarily approved by this Court on November 6, 2023. (ECF No. 32.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.01 et seq. (*See, generally,* ECF No. 1.)

Between approximately February 2023 and October 2023, counsel for the parties debated and analyzed their respective legal arguments and factual positions, and they communicated directly and

engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's causes of action and Defendants' defenses. Defendants produced extensive class-wide data and documentation, including class-related payroll and timekeeping records during the statutory period, and once Plaintiff's counsel received, reviewed, and exhaustively analyzed same, counsel for the parties created, exchanged, and reviewed damages models and monetary settlement calculations. (Luzi Decl., ¶ 9.)

Ultimately, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including additional written discovery, numerous depositions, and the filing of conditional certification, certification, decertification, and dispositive motions. (Luzi Decl., ¶ 9.) To that end, and once the parties reached an agreement on the monetary terms and conditions of settlement, counsel for the parties discussed other non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. The parties preliminarily agreed on settlement terms and conditions in early September 2023, and counsel for the parties drafted, finalized, and executed a comprehensive settlement agreement in late September 2023 and early October 2023, (ECF No. 29-1), which was preliminarily approved by this Court on November 6, 2023. (ECF No. 32.) Ultimately, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 10.)

## THE NOTICE PROCESS TO SETTLEMENT CLASS MEMBERS

On November 16, 2023, Plaintiff's counsel distributed the parties' Notice Packet to sixty-two (62) Putative Class Members and Putative Collective Members via U.S. first-class mail. Among other things, the Notice Packet: (1) advised Putative Collective Members that they could participate in the settlement collective, or "opt-in," by timely and properly signing and returning

the Consent to Join Form to Plaintiff's counsel by the Notice deadline of December 18, 2023; and (2) informed Putative Class Members that they could exclude themselves from the Rule 23 class, or "opt-out," and/or object to the settlement by the Notice deadline of December 18, 2023. (Luzi Decl., ¶ 11.)

To date, the parties have received twenty-five (25) Consent to Join Forms, or "opt-ins," that were filed with the Court, (ECF Nos. 1-3, 33-1, 35-1, and 36-1), and one (1) request for exclusion, or "opt-outs," that was filed with the Court, (ECF No. 34-1). To date, the parties have not received any objections to the settlement. (Luzi Decl., ¶ 12.)

Thus, the twenty-five (25) Collective Members will receive their respective payments as listed in the "FLSA Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 29-1), totaling $6,045.86, which are representative of reasonably approximated and alleged liquidated damages between December 14, 2019, and December 14, 2022. (*Id.* at ¶ 3.1(C)2.) Further, each of the two hundred and sixty-one (61) Class Members will receive their respective payments as listed in the "WWPCL Amount" column of Exhibit B of the Settlement Agreement, (ECF No. 29-1), totaling $78,275.00, which are representative of reasonably approximated overtime wages allegedly owed between December 14, 2020, and December 14, 2022. (*Id.* at ¶ 3.1(C)1.) In all, Defendants will pay a total amount of $24,366.48 to the Settlement Class members as representative of reasonably approximated overtime wages and liquidated damages allegedly owed between December 14, 2019, and December 14, 2022. (Luzi Decl., ¶ 12.)

Given the considerations above, counsel for the parties believe the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 29-1), to be fair, reasonable, and adequate. (Luzi Decl., ¶¶ 10, 12.)

### REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

According to the terms of the Settlement Agreement, within thirty (30) calendar days of the Settlement Effective Date, Defendants will deliver payment to Plaintiff's counsel for distribution to the Settlement Class members. In the event that, before the close of the Settlement Check Void Date as noted in the Settlement Agreement, Plaintiff's counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiff's counsel will inform Defendants' counsel and Defendants shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendants. (ECF No. 29-1, ¶ 2.3)

### ARGUMENT

**I.    FINAL SETTLEMENT APPROVAL STANDARD**

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves bona fide disputes regarding whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

As noted above, between approximately February 2023 and October 2023, counsel for the parties produced and analyzed extensive class-related documentation, data, and information during the statutory period and engaged in substantive arms-length settlement negotiations with each other – ultimately leading to the Settlement Agreement preliminarily approved by the Court. (ECF No. 32.) In all, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶¶ 9-10.)

## CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Jennifer Deuel as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Settlement Class Members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who timely and properly excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 37), in the amount of $24,837.50;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 40), in the amount of $5,000.00; and

11. Dismissing the Complaint on the merits and with prejudice.

Dated this 4th day of January, 2024

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | VON BRIESEN & ROPER, s.c.<br>Counsel for Defendants |
| ***s/ Scott S. Luzi***<br>Scott S. Luzi, SBN. 1067405<br>WALCHESKE & LUZI, LLC<br>235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>E-Mail: sluzi@walcheskeluzi.com | ***s/ Craig T. Papka***<br>Craig T. Papka, SBN 1093078<br>VON BRIESEN & ROPER, s.c.<br>20975 Swenson Drive, Suite 400<br>Waukesha, Wisconsin 53186<br>Telephone: (262) 923-8672<br>E-Mail: Craig.Papka@vonbriesen.com |